UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLAIR REDMOND,<br><br>    Plaintiff,<br><br>v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 14-cv-02345-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND; DIRECTIONS TO PLAINTIFF**<br><br>[Re: ECF 39] |

Before the Court is the Motion for Leave to File Second Amended Complaint by *pro se* plaintiff Blair Redmond ("Plaintiff"). Pl.'s Mot., ECF 39. Plaintiff filed her motion on March 30, 2015 and, to date, Defendants have filed no opposition.[1] The Court finds this matter suitable for submission without oral argument and hereby vacates the July 9, 2015 hearing date for the motion. For the reasons stated herein, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

I.  **BACKGROUND**

This civil rights lawsuit stems from an April 17, 2013 incident in the parking lot of Roosevelt Park in San Jose, CA, in which Plaintiff alleges that San Jose Police Department Officers Tony Diep, Daniel Pfiefer, and Matthew Blackerby initiated a confrontation with her and her boyfriend while they were seated in her parked car. First Amended Complaint ("FAC") ¶¶ 6-21. Plaintiff alleges that defendants Diep, Pfiefer, and Blackerby violated her constitutional rights on that day by arresting her without probable cause and physically assaulting her in the course of that arrest. She moreover claims that Diep, Pfiefer, and Blackerby, along with their Sergeants

---

[1] In a May 5, 2015 administrative motion to vacate the case schedule, Defendants indicated that they intended to oppose the motion. Def.'s Admin. Mot. 3, ECF 43. Defendants have not, however, filed any actual opposition and, in any event, the time to oppose Plaintiff's motion had long passed by that date.

Ronald Galea and Donald Perrier, conspired to falsify the police report of the incident in order to cover up their misconduct and to pursue charges against her that were ultimately dismissed. *Id.* ¶¶ 22-55. Plaintiff alleges that she sustained physical injury and property damage and loss that day, and that she continues to experience emotional and "cognitive" damage stemming from the incident. *Id.* ¶¶ 57-62. As such, in her original and first amended complaint, Plaintiff asserted a number of claims against defendants Diep, Pfiefer, Blackerby, Galea, and Perrier under 42 U.S.C. §§ 1983, 1985, and 1986 for violations of her constitutional rights.

In her proposed Second Amended Complaint ("SAC"), Plaintiff now seeks to add nine new defendants—eight police officers and one civilian—as well as to assert new claims and to "adjust" some of the existing claims. Pl.'s Mot. 6-7; Proposed SAC, ECF 40. Plaintiff asserts that she discovered the identities of these new defendants through discovery and that they "had some form of interest in her arrest, charges and civil rights violations and thus some form of liability." Pl.'s Mot. 6-7. Indeed, it appears that Plaintiff seeks to expand the scope of her claims to encompass anyone who had any involvement in the investigation into the underlying incident. The new officer defendants are alleged to have "aided and abetted" the conspiracy of the current defendants by giving or collecting accounts of the incident that Plaintiff alleges are at worst false and at best negligent. *Id.* Additionally, newly named defendant Rudy Daniel Contreras is a civilian witness who allegedly provided a false account of the incident to the police. *Id.* at 7. In addition to these new defendants, Plaintiff also seeks to add new state law claims for battery, false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, and "violation of statues [sic]." Proposed SAC ¶¶ 107-110, 122-66 (Fourth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action "COAs"). It is unclear what "adjustments" Plaintiff proposes making to the existing federal claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) advises courts that they "should freely give leave [to amend] when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Generally, leave to amend is only

denied if the court finds that there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.  DISCUSSION

Defendants have not filed any substantive opposition to Plaintiff's motion and, in such instances, the Court would typically grant the motion as unopposed. The Court is moreover persuaded that Plaintiff has not unduly delayed in bringing this motion or made it in bad faith or with dilatory motive. Although it is clear that the addition of nine new defendants will significantly impact existing schedule and delay trial, Defendants' failure to oppose the motion obviates any potential prejudice arising from the scheduling delay.

The Court concludes, however, that some of Plaintiff's proposed claims are self-evidently futile. Plaintiff's proposed Tenth and Eleventh COAs against Pfiefer and the other officer defendants respectively for "violation of statues [sic]" invokes sections 118.1, 149, and 206 of the California Penal Code. Proposed SAC ¶¶ 133-66. "[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." *Vikco Ins. Servs., Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th 55 (1999). The United States Supreme Court has indicated that a private right of action under a criminal statute has rarely been implied. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). Here, a review of the penal code sections identified by Plaintiff reveals no express private rights of action. Moreover, there does not appear to be any basis for inferring a private right, as other courts have acknowledged. *See Willis v. City of Los Angeles*, 57 F. App'x 283, 290 (9th Cir. 2002) (unpublished) (affirming district court's grant of summary judgment for defendants because § 118.1 provides no private cause of action); *Muhammad v. Garrett*, No. 1:12-CV-01199-AWI, 2012 WL 3205479, at *6 (E.D. Cal. Aug. 2, 2012) (no private right of action under § 149); *Treglia v. Cate*, No. C 10-0757 LHK PR, 2010 WL 3398542, at *2 (N.D. Cal. Aug. 26, 2010) (no private

1   right of action under § 206).  Permitting Plaintiff to assert these claims would clearly be futile.
2   Plaintiff's Motion for Leave to File Second Amended Complaint is therefore DENIED with
3   respect to the proposed Tenth and Eleventh COAs.
4         In similar fashion, all of Plaintiff's proposed claims against Rudy Contreras—a bystander
5   who provided a witness statement to the police—are futile as pled.  Plaintiff seeks to assert claims
6   against Contreras for intentional infliction of emotional distress ("IIED"), false arrest and
7   imprisonment, negligent infliction of emotional distress ("NIED"), and violation of California
8   Penal Code § 148.5 (Seventh, Eighth, Ninth, and Twelfth COAs).  FAC ¶¶ 122-32, 157-66.  Much
9   like her other claims under the penal code, the proposed Twelfth COA has no basis in law because
10  there is no private right of action under § 148.5.  *Rezek v. City of Tustin*, No. SACV 11-01601
11  DOC, 2012 WL 5829928, at *8 (C.D. Cal. Nov. 15, 2012).  As to the proposed IIED, false arrest,
12  and NIED claims, Plaintiff asserts that Contreras's account of the incident to the police is false
13  because he "cannot be considered a credible witness."  FAC ¶ 161.  There are no allegations that
14  Contreras intended his statement to cause Plaintiff emotional distress or to lead to her arrest and
15  imprisonment, as would be required to state a claim for IIED and false arrest.  *See Hughes v. Pair*,
16  46 Cal. 4th 1035, 1050 (2009) (elements of IIED include, *inter alia*, "extreme and outrageous
17  conduct by the defendant with the intention of causing, or reckless disregard of the probability of
18  causing, emotional distress"); *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715-16 (1994) (in bank)
19  (false arrest and imprisonment requires a "nonconsensual, intentional confinement of a person,
20  without lawful privilege" wherein the defendant has "the intent to confine, or to create a similar
21  intrusion").  Nor, with respect to the proposed NIED claim, are there allegations showing that
22  Contreras owed Plaintiff a duty—whether under the law or through a special relationship—the
23  breach of which proximately caused her emotional distress.  *Gu v. BMW of N. Am., LLC*, 132 Cal.
24  App. 4th 195, 203-10 (2005); *see Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984
25  (1993) ("[T]here is no duty to avoid negligently causing emotional distress to another.").
26  Plaintiff's motion is therefore DENIED with respect to the proposed Twelfth COA and DENIED,
27  without prejudice, as to the proposed Seventh, Eighth, and Ninth COAs against Contreras.
28        Plaintiff's motion is GRANTED with respect to the remainder of the proposed

1 amendments, although the Court has serious concerns regarding Plaintiff's attempt to hold
2 everyone involved in the investigation of the underlying incident liable as co-conspirators or aides.

**IV.    ORDER**

For the foregoing reasons, it is HEREBY ORDERED THAT Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's motion is DENIED with respect to her proposed Tenth, Eleventh, and Twelfth COAs;
2. Plaintiff's motion is DENIED, without prejudice, with respect to her proposed IIED, false arrest, and NIED claims against Rudy Contreras only (Seventh, Eighth, and Ninth COAs);
3. Plaintiff's motion is GRANTED with respect to the remainder.

By **May 28, 2015**, Plaintiff shall file the Second Amended Complaint into the record. The amended complaint must comply with this order in removing the claims for which amendment has been denied and in removing Contreras as a named defendant.[2] Moreover, the Second Amended Complaint must be double-spaced, as is required by the local rules. Civ. L.R. 3-4(c)(2). No other changes may be made to the amended complete absent leave of court.

Upon the filing of Plaintiff's Second Amended Complaint, the Clerk of the Court shall issue summons for the newly added defendants, and the U.S. Marshal for the Northern District of California shall serve a copy of the Second Amended Complaint, scheduling orders, attachments, and this order upon the new defendants.

**IT IS SO ORDERED.**

Dated: May 14, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] To the extent Plaintiff intends to re-allege the IIED, false arrest, and NIED claims against Contreras in a manner consistent with this order, she must affirmatively seek leave of court to do so after filing the Second Amended Complaint into the record.