UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLAIR REDMOND,<br><br>       Plaintiff,<br><br>   v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>       Defendants. | Case No.  14-cv-02345-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re:  ECF 57] |

Before the Court is the motion to dismiss filed by all defendants in this civil rights action. Defs.' Mot., ECF 57.  *Pro se* plaintiff Blair Redmond ("Plaintiff") did not file any written opposition but appeared at the August 6, 2015 hearing on the motion to verbally oppose dismissal. For the reasons stated herein, the defendants' motion is GRANTED IN PART and DENIED IN PART with leave to amend.

**I.    BACKGROUND**

This civil rights lawsuit stems from an April 17, 2013 incident in the parking lot of Roosevelt Park in San Jose, CA.  For purposes of the motion to dismiss, the following facts are assumed to be true.

Plaintiff and her boyfriend, Joseph, were seated in her parked car when San Jose Police Department Officers Tony Diep, Daniel Pfiefer, and Matthew Blackerby approached the car and began questioning them for no apparent reason.  Second Am. Compl. ("SAC") ¶¶ 28-39, ECF 48. Plaintiff indicated that she wanted to speak with the officers' sergeant, that she would not answer their questions without an attorney present, and began to film the encounter on her phone.  *Id.* ¶¶ 40-42.  This conduct purportedly angered Officer Diep, who demanded that Plaintiff and Joseph exit the car.  They refused and instead attempted to roll up the car windows, whereupon Diep

yelled "Knife" and reached in through the still open window to unlock the car door. *Id.* ¶¶ 43-45. Diep and Blackerby dragged Joseph from the car and all three officers "attacked" him. *Id.* ¶¶ 46-50. When Plaintiff exited the car to film the violent encounter on her cell phone, Officer Pfiefer attempted to arrest her. As she asked the reason for her arrest while continuing to film, Pfiefer charged Plaintiff, attempting to grab her phone. He then stomped on Plaintiff's foot to pin her in place, punched her in the face, and then continued to "rain[] more blows to her head" as she crouched to protect herself. Finally, Pfiefer wrenched Plaintiff's right arm behind her and dislocated her shoulder. *Id.* ¶¶ 51-59. Pfiefer and another officer who arrived later kept Plaintiff subdued, face down on the ground, until Sergeant Donald Perrier arrived on the scene. *Id.* ¶¶ 60-61. Perrier promptly accused Plaintiff of assaulting his officers. *Id.* ¶ 61.

Plaintiff was transported to booking, where she attempted to tell her side of the story to Sergeant Richard Galea, the direct supervisor for Officers Diep, Pfiefer, and Blackerby. He also placed the blame on Plaintiff and her boyfriend and asked her "leading and untrue questions." *Id.* ¶¶ 65-67. Galea then informed Plaintiff that she was facing felony assault charges against the three officers. *Id.* ¶ 68. Plaintiff was arrested and incarcerated at Elmwood Jail overnight and released on supervised release the following day. The charges were dismissed on August 12, 2013 "due to lack of evidence." *Id.* ¶¶ 73-74, 80. Because of the ordeal, Plaintiff withdrew from her last semester at CSU East Bay and sought counseling. *Id.* ¶¶ 76-79. She also alleges that she sustained continuing physical, cognitive, behavioral, and emotional damage from the encounter. *Id.* ¶¶ 82-87.

In her original and first amended complaint, Plaintiff asserted a number of claims against defendants Diep, Pfiefer, Blackerby, Galea, and Perrier under 42 U.S.C. §§ 1983, 1985, and 1986 for violations of her constitutional rights. On May 14, 2015, the Court granted in part Plaintiff's unopposed motion for leave to file a Second Amended Complaint to add eight additional officer defendants. Order, ECF 45. The Court denied Plaintiff's attempt to assert claims against a proposed civilian defendant who had witnessed the incident and allegedly provided a false account to the police. *Id.* at 4. In the SAC, Plaintiff alleges that Officers Wendy Hoskin, Christopher Proft, Alan Mishaga, Andrew Wong, and Eric Magnuson conspired to violate her civil rights by

2

collecting false accounts of the incident, SAC ¶ 69, that Officer Paul Talus aided the conspiracy by falsely stating in a police report that Plaintiff had consented to copy her phone, *id.* ¶ 70, and that Officers Raquel Melo and Jorge Gutierrez also conspired by neglecting to investigate Plaintiff's statement, *id.* ¶ 71. *See also id.* ¶ 72. Officer Hoskin is also charged with battery for frisking Plaintiff, exposing her midriff, and placing her in the back of squad car. *Id.* ¶ 107.

In total, Plaintiff asserts nine causes of action against Diep, Pfiefer, Blackerby, Galea, Perrier, Hoskin, Proft, Mishaga, Wong, Talus, Melo, Gutierrez, and Magnuson (collectively, "Defendants") as follows: (1) excessive force in violation of the Fourth Amendment[1] against Officer Pfiefer (First Claim); (2) unlawful arrest and detention in violation of the Fourth Amendment against all Defendants (Second Claim); (3) unlawful search of person in violation of the Fourth Amendment against all Defendants (Third Claim); (4) battery against Officer Hoskin (Fourth Claim); (5) unlawful search of vehicle in violation of the Fourth Amendment against all Defendants (Fifth Claim); (6) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1, against all Defendants (Sixth Claim); (7) intentional infliction of emotional distress against all Defendants (Seventh Claim); (8) false arrest/imprisonment against all Defendants (Eighth Claim); and (9) negligent infliction of emotional distress against all Defendants (Ninth Claim).

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003).

To survive a motion to dismiss, a complaint must plead sufficient "factual matter, accepted as true" to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility

---

[1] Plaintiff alleges her excessive force claim under the Fourteenth Amendment, but the Court construes her excessive force claim against Officer Pfiefer to be one made pursuant to 42 U.S.C. § 1983 for violation of the Fourth Amendment because there are no allegations that Pfiefer used force against Plaintiff while she was in pretrial detention. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).

3

that a defendant has acted unlawfully," and a complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)) (internal quotation marks omitted). The emphasis is on factual pleadings, as a pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do. *Id.* (citing and quoting *Twombly*, 550 U.S. at 557). In § 1983 cases, the Ninth Circuit has affirmed that this pleading standard applies not only to allegations against individual defendants, but also to claims based on supervisory and *Monell* theories of liability. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (confirming *Starr*'s interpretation of *Iqbal* applies to *Monell* claims); *see also Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011).

Here, the Court is mindful that "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (quoted with approval in *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1041 (9th Cir. 2014)).

**III.   DISCUSSION**

    **A.   Claim Against City of San Jose**

In her SAC, Plaintiff names the City of San Jose and the San Jose Police Department as defendants. Defendants argue that the Police Department is not a proper defendant because it is a department of the City. Defs.' Mot. 2-3. Plaintiff does not dispute this, as she alleges that the Police Department "is a governmental agency" and that she refers to the City and the Police Department interchangeably in her SAC. SAC ¶ 6.

Defendants furthermore contend that Plaintiff has asserted no claims against the City.

1  Defs.' Mot. 3.  While it is true that Plaintiff has not alleged any claim against the City pursuant to
2  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), nor any claim
3  specifically identifying the City as a defendant, she has alleged that the Police Department, as "a
4  city governmental agency," has promulgated policies and procedures and failed to train its
5  employees in a manner that caused the individual officers' misconduct alleged in the complaint.
6  SAC ¶ 6.  In light of Plaintiff's *pro se* status, the Court liberally construes this allegation as an
7  attempt to assert a *Monell* claim against the City.  To the extent Plaintiff wishes to pursue such a
8  claim, she shall have leave to amend her pleading to clearly articulate that claim and provide
9  further factual enhancement to plausibly suggest an entitlement to relief against the City.  *AE ex*
10 *rel. Hernandez*, 666 F.3d at 637.

11 In any case, to the extent the individual officer defendants are not immune, California law
12 makes the City vicariously liable for their actions.  *See* Cal. Gov't Code § 815.2; *Rivera v. Cnty. of*
13 *Los Angeles*, 745 F.3d 384, 393 (9th Cir. 2014).  As such, Plaintiff has properly asserted state law
14 claims against the City.  The Court therefore DENIES Defendants' motion to dismiss the City
15 from this lawsuit but will allow Plaintiff to amend her complaint to (1) clearly indicate which
16 claims she is asserting against the City; (2) clarify whether she is pursuing a *Monell* claim against
17 the City; and (3) if she is pursuing a *Monell* claim, allege facts to support that claim.

18 **B.  Claims Against Officers Diep, Pfiefer, and Blackerby**

19 Defendants in their motion to dismiss seek to dismiss all of Plaintiff's claims on the ground
20 that she has failed to factually allege a plausible entitlement to relief.  The motion is spurious with
21 respect to Officers Diep, Pfiefer, and Blackerby.  *See* Defs.' Mot. 4-7.  Contrary to Defendants'
22 assertions, the factual allegations recited above, when taken as true with reasonable inferences
23 drawn in Plaintiff's favor, clearly demonstrate that these three officers acted unlawfully.
24 Furthermore, though the Court credits Defendants' assertion that Diep's and Blackerby's actions
25 revolved around Plaintiff's boyfriend, Plaintiff has alleged sufficient facts to warrant an inference
26 that all three officers acted in concert and were integral participants in the constitutional violations
27 committed against Plaintiff.  *See, e.g.*, *Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004).
28 That facts adduced at trial may tell a different story is not sufficient to dismiss the claims at this

1  stage. Defendants' motion to dismiss is therefore DENIED with respect to Plaintiff's claims
2  against Diep, Pfiefer, and Blackerby.

### C. Claims Against Sergeants Perrier and Galea

Defendants seek to dismiss Plaintiff's claims against Sergeants Perrier and Galea on the ground that she alleges no facts that either Perrier or Galea personally arrested her or searched her person or vehicle. Defs.' Mot. 8-9.

"Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Where a government official is also a supervisor—as Sergeants Perrier and Galea are alleged to be—he may also be liable in an individual capacity for "culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal alteration and quotation marks omitted) (quoted with approval in *Starr*, 652 F.3d at 1207). For example, a supervisor may be liable for causing the constitutional harm to a plaintiff "by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08 (alteration in original) (internal citations and quotation marks omitted).

Here, the only allegation of Perrier's own conduct is his aggressive manner and his immediate accusation that Plaintiff assaulted his police officers. SAC ¶¶ 61-62. Likewise, the allegations as to Galea also reflect an unwillingness to hear Plaintiff's story and a willingness to blame her for the incident and, ultimately, charge her with assaulting a peace officer. *Id.* ¶¶ 66-68. Standing alone, these allegations are insufficient to state claims against Sergeants Perrier and Galea. However, they do suggest that Perrier and Galea are possibly liable as supervisors for the conduct of the officers on the scene. As such, Defendants' motion to dismiss is GRANTED with respect to all of Plaintiff's claims against Sergeants Perrier and Galea. Plaintiff shall have leave to amend with facts that either demonstrate Perrier's and Galea's liability for their own conduct or that demonstrate their supervisory liability for the other officer defendants' alleged misconduct.

### D. Claims Against Officer Hoskin

Defendants assert that Officer Hoskin is immune from Plaintiff's claim for battery under California Government Code § 820.2, which shields public employees from liability for injuries arising out of his or her discretionary acts. Defs.' Mot. 10. Section 820.2 does not immunize a police officer against claims for false arrest or false imprisonment. Cal. Gov't Code § 820.4. Plaintiff's claim for battery flows from her premise that her detention and arrest by the officers on the scene was unlawful. Although Officer Hoskin did not participate in the initial encounter, she is alleged to be the officer who convinced Plaintiff to forego going to the hospital and the one who frisked Plaintiff, lifted her shirt, and put her in the squad car. SAC ¶¶ 65, 107. Accepting Plaintiff's allegations as true, this is sufficient to state claims for unlawful arrest under the Fourth Amendment, false arrest, and battery. To be sure, evidence at trial may show that Hoskin acted reasonably and in reliance on an "understanding that Plaintiff was under arrest and was being taken into custody." Defs.' Mot. 10. The Court, however, considers only the allegations in the SAC and finds them sufficient, when taken as true, to sustain all of Plaintiff's claims against Hoskin at this stage in the proceeding. Defendants' motion to dismiss Plaintiff's claims against Officer Hoskin is therefore DENIED.

### E. Claims Against Officers Proft, Mishaga, Wong, Talus, Melo, Gutierrez, and Magnuson

Finally, Defendants assert that Plaintiff has alleged little to establish entitlement to relief on her claims against Officers Proft, Mishaga, Wong, Talus, Melo, Gutierrez, and Magnuson.[2] The Court agrees with Defendants. Because these officers are not alleged to have been present at the park on April 17, 2013, they cannot be liable to Plaintiff as integral participants in the underlying constitutional violations. *Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009). Other than the officers' participation in the subsequent taking of witness statements and in the

---

[2] Defendants ask the Court to consider excerpts from Plaintiff's deposition, wherein she admits that these officers were not present at the scene. *See* Defs.' Mot. 11-13. The Court cannot consider evidence outside of the pleadings without converting Defendants' motion into one for summary judgment. Fed. R. Civ. P. 12(d). In any case, Plaintiff does not allege that these officers were on the scene.

7

ensuing investigation, there are no facts tying Proft, Mishaga, Wong, Talus, Melo, Gutierrez, and Magnuson to the events that give rise to Plaintiff's claims. The existing allegations moreover fail to show that what each officer did was independently sufficient to entitle Plaintiff to relief.[3]

Plaintiff appears to be asserting that Proft, Mishaga, Wong, Talus, Melo, Gutierrez, and Magnuson should be held liable as co-conspirators with Diep, Pfiefer, Blackerby, and Hoskin. *See* SAC ¶¶ 69-71. In order to show that Defendants conspired to violated Plaintiff's civil rights, she must allege facts indicating that "each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it." *Choate v. Cnty. of Orange*, 86 Cal. App. 4th 312, 333 (2000), *as modified on denial of reh'g* (Jan. 17, 2001). In other words, there must be a meeting of the minds before the actions of the conspiracy, and "[i]t is not enough that the conspiring officers knew of an intended wrongful act, they had to agree—expressly or tacitly—to achieve it." *Id.* In the alternative, if Plaintiff is alleging a "cover-up" conspiracy, she must allege facts to show that "the conspirators shared a common goal to intentionally conceal evidence and that the cover-up actually rendered all state court remedies ineffective." *Id.* at 354 (internal citations and quotation marks omitted). "The mere failure to investigate fully does not constitute a federal civil rights violation." *Id.* The allegations in the SAC do not support either theory of conspiracy with respect to Plaintiff's claims against Officers Proft, Mishaga, Wong, Talus, Melo, Gutierrez, and Magnuson.

As such, Defendants' motion to dismiss is GRANTED with respect to Plaintiff's claims against Officers Proft, Mishaga, Wong, Talus, Melo, Gutierrez, and Magnuson. Plaintiff shall have leave to amend to either allege each officer's conduct or to allege facts indicating that these officers conspired with the other defendants in the case to violate Plaintiff's rights.

---

[3] For example, Officer Talus is alleged to have "stated in the police report that the Plaintiff gave consent to copy her phone." SAC ¶ 70. While it may be inferred that Plaintiff did not give consent to search her phone, this is not alleged, nor is it even alleged that Officer Talus was the one to search Plaintiff's phone without consent. The mere assertion that a police officer wrote something in a police report is not sufficient to give rise to any claim for relief.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART as follows:

1. The motion is DENIED with respect to Plaintiff's claims against Officers Diep, Pfiefer, Blackerby, and Hoskin, and with respect to dismissing the City from this lawsuit.

2. The motion is GRANTED with respect to Plaintiff's claims against Sergeants Perrier and Galea and Officers Proft, Mishaga, Wong, Talus, Melo, Gutierrez, and Magnuson. Those claims are dismissed with leave to amend to address the deficiencies addressed in this order.

3. Plaintiff shall also have leave to clearly identify the claims she is asserting against the City of San Jose and, to the extent she intends to pursue one, to allege a *Monell* claim against the City.

As the Court advised at the August 6 hearing, Plaintiff is not required to amend and may choose not to reassert the dismissed claims if she feels she cannot allege the facts needed to overcome the deficiencies in the SAC. If Plaintiff intends to amend, she must file the Third Amended Complaint **by no later than September 4, 2015.** If no amended complaint is filed on or by September 4, this action will proceed on the remaining claims that were not dismissed from the SAC.

**IT IS SO ORDERED.**

Dated: August 19, 2015

_____
BETH LABSON FREEMAN
United States District Judge