# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BLAIR REDMOND,<br>　　　　Plaintiff,<br>　　v.<br>SAN JOSE POLICE DEPARTMENT, et al.,<br>　　　　Defendants. | Case No. 14-cv-02345-BLF<br><br>**ORDER DENYING MOTION TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>[Re: ECF 88] |

Plaintiff Blair Redmond initiated this civil rights lawsuit *pro se* to challenge how police officers and their sergeants treated her after she videotaped an encounter between her boyfriend and the officers. *See* Compl., ECF 1. Plaintiff, now represented by counsel, brings claims against eight individual officers, pared down from thirteen, as well as the City of San Jose. *See* Fourth Amended Compl. ("4AC"), ECF 75. Of these, Defendants seek to dismiss all claims against Sergeant Donald Perrier, Sergeant Richard Galea, and Officer Wendy Hoskin. ECF 75. The Court heard argument on this motion on March 24, 2016. For the reasons stated on the record and below, Defendants' Motion is DENIED.

**I.　BACKGROUND**

The Court's prior Dismissal Order sets forth the general background of this case. *See* ECF 75. For the purposes of this Order, the Court re-summarizes the allegations regarding Sergeants Perrier and Galea and Officer Hoskin.

Plaintiff, a San Jose resident, alleges the following. On the afternoon of April 17, 2013, she and her boyfriend were sitting in the parking lot of a skateboard park in a legally-parked car. 4AC ¶ 19. They were the only African-American people parked in the immediate area. *Id.* ¶ 22. Three plain-clothes officers, Tony Diep, Daniel Pfiefer, and Matthew Blackerby, approached,

aggressively fired off questions, and ordered Plaintiff to exit the car. *Id.* ¶¶ 22-23, 26, 28.

Plaintiff and her boyfriend stated that they would not answer any questions without an attorney present and also requested to speak to a sergeant. *Id.* ¶ 29. In addition, they stated that they were going to record the encounter, and Plaintiff began to video record on her phone. *Id.* ¶ 30. One officer shouted at them to get out of the car and attempted to open the passenger-side door, where Plaintiff's boyfriend was seated. *Id.* ¶¶ 21, 31.

Eventually, the officers violently pulled Plaintiff's boyfriend out of the car and attacked him. *Id.* ¶¶ 37-38. Plaintiff exited the car with her phone clearly visible to record the beating. *Id.* ¶ 39. An officer then stated that she was under arrest, grabbed her hand in an attempt to rip her phone away, stomped on her foot, pinned her in place, punched her in the face, pulled her by the hair, and dislocated her shoulder. *Id.* ¶¶ 42-47.

When Sergeant Perrier, who supervises Officers Diep, Pfiefer, Blackerby, and Hoskin, arrived at the scene, he told Plaintiff that she had assaulted his officers. *Id.* ¶ 49. Though she had been waiting to speak to a sergeant, she then refused to speak to him. *Id.* ¶¶ 9, 49.

At some later point, Officer Hoskin searched Plaintiff, who was still handcuffed, in plain view of a crowd of at least 30 people that had gathered in the parking lot. *Id.* ¶¶ 50, 51. During the search, Officer Hoskin lifted Plaintiff's shirt, exposing her midriff and humiliating her. *Id.* ¶ 51. In addition, Officer Hoskin told Plaintiff that, if she chose to go to the hospital, she would have to wait there for 6 to 8 hours before having to wait an additional 6 to 8 hours in booking. *Id.* ¶ 52. Based on this information, Plaintiff decided to proceed directly to booking. *Id.*

There, Sergeant Galea, who supervises Officers Diep, Pfiefer, Blackerby, and Hoskin, interviewed her and attempted several times to blame her for the incident. *Id.* ¶ 54. He concluded the interview by telling Plaintiff that she was facing felony assault charges against an officer and was headed to jail. *Id.* ¶ 55. Plaintiff was then illegally arrested and incarcerated. *Id.* ¶ 58.

Plaintiff alleges that the individual officers' actions and the sergeants' responses reflects a widespread and understood common practice by the San Jose police to target citizens based on race. *Id.* ¶¶ 56, 64. The actions also demonstrate a standard operating procedure to intimidate, use unreasonable excessive force, and physically assault citizens who attempt to document police

2

brutality. *Id.* ¶¶ 56, 64, 73, 75. Plaintiff alleges that the City recognizes and implicitly condones these policies, and that the City's training policies are inadequate to train officers on the consequences of race-based targeting, recognition of a citizen videotaping police officers, what constitutes probable cause and excessive force, the proper use and escalation of force, and implicit bias, all of which reflects deliberate indifference to constitutional rights. *Id.* ¶¶ 56-57, 64.

Based on these allegations, Plaintiff brings the following claims against Sergeants Perrier and Galea: § 1983 claims for violation of her First and Fourth Amendment rights, violations of the Banes Civil Rights Act, negligence, intentional and negligent infliction of emotional distress, and false arrest/imprisonment. In addition, Plaintiff brings the following claims against Officer Hoskin: § 1983 claims for violation of her Fourth Amendment rights, battery, false arrest/imprisonment, and negligent infliction of emotional distress. Defendants now seek to dismiss each of these claims.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. Sergeants Perrier and Galea

Defendants argue that the § 1983 claims against Sergeants Perrier and Galea should be dismissed because neither was present at the time of Plaintiff's alleged constitutional violations and because Plaintiff fails to plead that either sergeant participated in, directed, or knowingly failed to prevent any of the violations. Mot. at 3-4, 6-7 (citing *Taylor v. List*, 880 F 2d 1040, 1045 (9th Cir. 1989). Plaintiff responds that the sergeants are liable as supervisors because they trained

1   the individual officers to engage in such conduct and condoned their violations. Opp. at 7-9.

2       Plaintiff need not allege that the sergeants were present at the time of the violations to
3   plead supervisory liability, *see Starr v. Baca,* 652 F. 3d 1202, 1205 (9th Cir. 2011), and Plaintiff
4   sufficiently alleges that the sergeants directed or failed to prevent the alleged violations through
5   training and ratification. *See, e.g.,* 4AC ¶¶ 57, 64, 85-86, 91-92. For the same reason, Sergeants
6   Perrier and Galea are not entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800,
7   818 (1982). While the allegations regarding training and official policy may be weak, particularly
8   with regard to Sergeant Galea who was not at the parking lot, they suffice to survive a motion to
9   dismiss.

10       The Court finds that Defendants' attempt to dismiss Plaintiff's Bane Act claim because
11   Plaintiff does not allege that the sergeants threatened, intimidated, or otherwise deprived her of a
12   constitutional right fails for the same reason. Mot. at 4-5; *see also* Cal. Civil Code § 52.1. *See*
13   *M.H. v. Cty. of Alameda*, 90 F. Supp. 3d 889, 898 (N.D. Cal. 2013) (where deliberate indifference
14   is alleged, no allegations of threats, intimidation, or coercion separate from the wrongful conduct
15   constituting the rights violation is necessary).

16       Finally, Defendants argue that California Government Code § 821.6 immunizes Sergeants
17   Perrier and Galea from the infliction of emotional distress claims. Under § 821.6, "[a] public
18   employee is not liable for injury caused by his instituting or prosecuting any judicial or
19   administrative proceeding within the scope of his employment, even if he acts maliciously and
20   without probable cause."

21       Defendants contend that this immunity covers the sergeants' actions because they
22   constituted police investigation of the events at the parking lot and were therefore an "essential
23   step" toward the institution of proceedings. Mot. at 5, 7. Defendants offer three cases to show that
24   investigation is covered by § 821.6. *See Javor v. Taggart*, 98 Cal. App. 4th 795, 809 (2002) (§
25   821.6 immunizes an employee of California's Uninsured Employers Fund from claims based on
26   *prima facie* determinations he made in the course of an investigation and through formal
27   administrative proceedings); *Trujillo v. City of Ontario*, 428 F. Supp. 2d 1094, 1124 (C.D. Cal.
28   2006), *aff'd sub nom. Bernhard v. City of Ontario*, 270 F. App'x 518 (9th Cir. 2008) (§821.6

1 immunizes officers who installed a surveillance camera in their locker room to investigate the theft
2 of a flashlight); *Richardson-Tunnell v. Sch. Ins. Program for Employees (SIPE)*, 157 Cal. App. 4th
3 1056, 1062 (2007) (§821.6 immunizes individuals conducting surveillance for a workers'
4 compensation claim investigation).

But Defendants again ignore Plaintiff's allegations of the sergeants' supervisory liability. Even if the sergeants' conduct could be construed as investigation and § 821.6 covered any emotional distress caused by the sergeants' direct interactions with Plaintiff, it cannot justify dismissal of Plaintiff's emotional distress claims to the extent that they arise from the sergeants' training and condoning the misconduct of other officers.

### B. Officer Hoskin

Defendants also seek to dismiss all claims against Officer Hoskin. First, they argue that she is entitled to qualified immunity from the § 1983 claims because a reasonable officer would not have known that searching Plaintiff was unlawful under clearly established law. *See LaLonde v. Cty. of Riverside,* 204 F.3d 947, 953 (9th Cir. 2000); *see also Anderson v. Creighton,* 483 U.S. 635, 641 (1987). Defendants argue instead that Officer Hoskin's search was permissible as a search incident to arrest even if Officer Hoskin mistakenly but reasonably concluded that a lawful arrest had occurred. Mot at 8. At the hearing, Defendants relied on *Choi v. Gaston*, 220 F.3d 1010, 1012 (9th Cir. 2000), a case they had not cited in their motion or reply, to make this point.

The Court has now reviewed *Choi* and finds that it does not help Defendants. In *Choi*, the Ninth Circuit held that an officer was entitled to qualified immunity for arresting an individual based on his reasonable reliance on information provided by other officers that, unbeknownst to him, was inaccurate. *Id.* at 1012-13. Defendants argue that the same principle applies here: Officer Hoskin should be immune because she reasonably believed that Plaintiff had been lawfully arrested and was therefore justified in her search regardless of the ultimate legality of the arrest.

Defendants' argument again misses the mark. Plaintiff challenges Officer Hoskin not simply for searching her person, but for the manner in which she conducted the search—specifically, for lifting Plaintiff's clothing and exposing her midriff to a crowd of 30 people. The Court finds that qualified immunity cannot overcome these allegations at this stage.

Defendants also argue that § 821.6 immunizes Officer Hoskin from the state law claims. Mot. at 9. Plaintiff responds that § 821.6 does not apply because "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 cannot be immunized by state law." *I.K. ex rel. E.K. v Sylvan Union School Dist.*, 681 F. Supp. 2d 1179, 1204 (E.D. Cal. 2010) (quoting *Howlett ex rel. Howlett*, 496 U.S. 356, 376 (1990)). While Plaintiff is correct that Officer Hoskin cannot escape § 1983 liability on this basis, § 821.6 may immunize her for state claims arising out of "instituting or prosecuting any judicial or administrative proceeding." However, in light of the poor briefing on this question—Defendants offer no explanation for their conclusory assertion that § 821.6 covers Officer Hoskin's alleged misconduct, *see* Mot. at 9, and provide cases that disagree on the application of § 821.6 to torts other than malicious prosecution—the Court is not prepared to dismiss these claims at this stage.

Finally, Defendants argue that Officer Hoskin's alleged misconduct does not rise to the level of egregiousness necessary for a negligent infliction of emotional distress claim. Again, the Court disagrees. The allegations of the public, humiliating search suffice. In addition, Plaintiff alleges that Officer Hoskin described hospital conditions that were so unappealing that no reasonable person would seek medical care, thereby delaying her treatment and causing her further physical pain. These allegations, too, reflect sufficiently egregious conduct.

Accordingly, the Court DENIES Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 7, 2016

_____
BETH LABSON FREEMAN
United States District Judge