Patricia Peden (State Bar No. 206440)
Felicia P. Jafferies (State Bar No. 251904)
LECLAIRRYAN, LLP
44 Montgomery Street, Suite 3100
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Plaintiff
*BLAIR REDMOND*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAIR REDMOND,<br><br>             Plaintiff,<br><br>       v.<br><br>THE CITY OF SAN JOSE,<br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>             Defendants. | Case No.: 2:14-CV-02345-BLF<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY FROM OFFICERS BLACKERBY AND DIEP**<br><br>Trial Date: January 22, 2018<br>Time:          9:00 am<br>Location:   Courtroom 3 - 5th Floor, 280 South 1st Street, San Jose, CA 95113<br>Judge:       Hon. Beth Labson Freeman |

## I.     INTRODUCTION

Pursuant to Federal Rules of Evidence 402, 403 and 601, Plaintiff Blair Redmond moves to exclude Defendants' planned testimony from Officer Matthew Blackerby and Officer Tony Diep.

In their Pre-trial disclosures, Defendants identified Officer Matthew Blackerby and Officer Tony Diep as trial witnesses. The subject matter of Officer Blackerby's testimony is identified as concerning the "incident at issue in this case, including Officer Blackerby's actions and the events leading up to Plaintiff's arrest." The subject matter of Officer Diep's testimony is

similarly identified as direct to "the incident at issue in this case, including his actions and the events leading up to Plaintiff's arrest." This planned testimony is irrelevant, needlessly cumulative, prejudicial, and lacks first-hand knowledge. As such, it should be excluded.

## II.   ARGUMENT

Officers Blackerby and Diep have been dismissed as defendants in this case. The issues before the jury have been largely limited to actions taken by Officer Pfeifer. Only Office Pfeifer and the City remain as defendants.

Although both Officers Blackerby and Diep were at the scene of the incident giving rise to this lawsuit, neither witnessed any of the relevant events, and neither has testimony to offer the jury about Officer Pfeifer's interactions with Ms. Redmond. When the officers approached Ms. Redmond's car, Officer Pfeifer went to the driver's side where Ms. Redmond was located, and Officers Blackerby and Diep were on the passenger side. Officer Blackerby testified that he had "no idea" what was happening with Officer Pfeifer and Ms. Redmond. *See* Declaration of Patricia L. Peden ("Peden Decl.") at Exh. A (Blackerby Depo.) at 121:13-122:16. Officer Diep was busy with Joseph Evans and did not have any interactions with Ms. Redmond, he only saw her leave her car from the corner of his eye. Peden Decl. at Exh. B (Diep Depo.) at 155:11-25; 162:7-18, 165:7-12. As a result, these witnesses have nothing to say about the relevant issues in this case—Officer Pfeifer's interactions with Ms. Redmond that led to the violation of her constitutional rights and violation of state law. Officers Blackerby and Diep's testimony is irrelevant and lacks firsthand knowledge. *See* Fed. R. Evid. 402 and 601.

To the extent these witnesses have anything to tell the jury, it relates only to the general background and events relating to the passenger, Joseph Evans. However, Officer Pfeifer can also testify about those facts. Consequently, Officers Blackerby and Diep's testimony is needlessly cumulative of the testimony that can be offered by Officer Pfeifer. *See* Fed. R. Evid.

403.

Plaintiff believes that Officers Blackerby and Diep's testimony is being offered to focus on and highlight Evan's actions and conduct. Joseph Evans is not a party to these proceedings, and his conduct is irrelevant. Plaintiff understands that Defendants are permitted to offer testimony about the circumstances surrounding the incident, but Officer Pfeifer can do that without piling on testimony from multiple police officers. Allowing defendants to offer three officers to testify about Evan's conduct is prejudicial to Ms. Redmond. The cumulative nature of the testimony substantially outweighs its probative value, and the testimony poses a real danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence. When weighed against the risk of prejudice to Blair Redmond, the evidence must be excluded.

To the extent the Court allows testimony about Evan's conduct and actions, it should be limited to providing context and background. Defendants should not be permitted to taint Ms. Redmond with Evan's conduct or to turn this case into an inquiry about Evan's actions. Rather, the real issues to be decided are whether Ms. Redmond was the subject of an unlawful arrest, unreasonable force, subjected to violations of her First Amendment rights, and whether Officer Pfeifer and the City are accountable under Federal and State law for those violations. Excluding irrelevant and cumulative testimony from Officers Blackerby and Diep will prevent misleading the jury, and will allow the jury to focus on the relevant issues.

### III.    CONCLUSION

For the foregoing reasons, defendants should not be permitted to introduce evidence or testimony of from Officers Blackerby and Diep. Such evidence is prejudicial to Ms. Redmond and has no probative value for the issues to be tried in this case. Plaintiff Blair Redmond respectfully requests the Court issue an Order excluding Officers Blackerby and Diep as trial

witnesses. Alternatively, Ms. Redmond requests the Court enter an Order limiting the testimony about Evan's conduct and that the Court provide a limiting instruction to the jury stating that the jury is not to consider Evan's conduct in determining the issues in this case.

Respectfully submitted,

Dated: December 28, 2017                    LECLAIRRYAN

*/s/Patricia L. Peden*
Patricia Peden
Felicia P. Jafferies
Attorneys for Plaintiff
BLAIR REDMOND

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of December, 2017, the foregoing **PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY FROM OFFICERS BLACKERBY AND DIEP** was served to all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Adriana L. Lawrence*
Adriana L. Lawrence