UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLAIR REDMOND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-02345-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL** |

Before the Court is Plaintiff Blair Redmond's ("Redmond") administrative motion to file under seal portions of Redmond's Opposition to Defendants' Motion in Limine No. 2 and Exhibit A in support of that opposition. *See* ECF 166. For the reasons stated below, the motion to seal is DENIED WITHOUT PREJUDICE.

**I.　　LEGAL STANDARD**

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

1  incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. DISCUSSION

The Court has reviewed Redmond's sealing motion and the declaration of Patricia L. Peden in support thereof. According to the motion and declaration, a few sentences of Redmond's opposition to Defendants' motion *in limine* number 2, as well as the entire exhibit from which it cites from, should be sealed because they contain information from an Internal Affairs Investigation looking into actions by Officer Pfiefer in a separate incident. *See* ECF 166 ("Mot."); Peden Decl. iso Motion to Seal ¶ 4, ECF 166-1. The only reason provided for sealing is that Defendants had designated the Internal Affairs Investigation as "Attorney's Eyes Only" under the Protective Order in this case. *See* Mot. at 2.

Pursuant to Civil Local Rule 79-5(d)(1)(A), "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Rather, if the sole basis of a party's request to seal is that the document at issue was previously designated as confidential or subject to a protective order, then the procedures detailed in Civil L.R. 79-5(e) apply. *See* Civ. L. R. 79-5(d)(1)(A).

2

| | |
|---|---|
| 1 | Where the moving party requests sealing of documents because they have been designated confidential by another party under a protective order, the burden of establishing compelling reasons for sealing is placed on the designating party. Civ. L.R. 79-5(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2). |

Where the moving party requests sealing of documents because they have been designated confidential by another party under a protective order, the burden of establishing compelling reasons for sealing is placed on the designating party. Civ. L.R. 79-5(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

Here, Defendants are the Designating Party, as they have designated the Internal Affairs Investigation as "Attorney's Eyes Only" under the protective order, and Redmond has not provided any other basis for the Court to seal the document or references to it in her opposition. Four (4) days have passed and Defendants have not filed a declaration establishing that all of the designated material is sealable. Therefore, Redmond's administrative motion to file under seal is DENIED WITHOUT PREJUDICE. In light of the upcoming holiday, Defendants may file a declaration in compliance with Civ. L.R. 79-5(e) **on or before January 16, 2018.** If Defendants have not filed a declaration by that time, Redmond may file her opposition to Defendants' motion *in limine* number 2 and Exhibit A to that opposition in the public record **no earlier than January 17, 2018 and no later than January 19, 2018.**

Dated: January 9, 2018

_____
BETH LABSON FREEMAN
United States District Judge
3